IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KYNDALL P. STOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) Division: |
| BESSINE WALTERBACH, LLP, | ) |
| | ) |
| SERVE: Reg. Agent: Scott Walterbach | ) |
| 3000 NE Brooktree Lane, Ste 100 | ) |
| Kansas City, MO 64119 | ) |
| | ) |
| Defendant. | ) |

## PETITION FOR CLASS ACTION

COMES NOW Plaintiff, Kyndall Stoker, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant, Bessine Walterbach, LLP, states and shows the Court as follows:

1. At all relevant times, Plaintiff, Kyndall Stoker ("Stoker"), is and was an individual and resident of the State of Missouri, residing in St. Louis County.

2. Defendant, Bessine Walterbach, LLP ("BW LLP"), is a registered Missouri limited liability partnership, and is in good standing to transact business in Missouri.

3. BW LLP describes itself on its website as a debt collector, focusing on collections and creditors' rights.

4. BW LLP regularly uses court process in an attempt to collect debts. For example, since 2015, BW LLP has filed hundreds of debt collection lawsuits in Missouri courts.

**EXHIBIT A**

**The Stoker Lawsuit**

5. BW LLP filed a lawsuit against Stoker on October 18, 2019, in the Associate Division of the Circuit Court of Greene County, Missouri. The case is styled *Genesis Health Clubs, Inc. v. Kyndall Stoker*, Case Number 1931-AC08261 ("the Stoker Action").

6. BW LLP alleged in the Stoker Action that Stoker owed a debt that originated with Genesis Health Clubs, Inc.

7. BW LLP generally alleged in the Stoker Action that the debt Stoker owed was for goods and services related to a health club membership provided by Genesis Health Clubs, Inc.

8. As part of the Stoker action, BW LLP requested and paid for a summons and petition to be served on Stoker by the Sheriff of Greene County. The requested summons was issued on October 21, 2019.

9. On November 27, 2019, BW LLP filed a return of service with the Court in the Stoker Action indicating that Stoker was served with the summons and petition. On good faith information and belief, the return of service was signed by someone other than Sheriff Arnott, who attested he or she served Stoker with the summons and petition on November 26, 2019. A true and accurate copy of the return of service is attached hereto as Exhibit 1.

10. The person who signed the return of service was not appointed by the Court to serve a summons and petition in the Stoker Action as required by section 506.140 RSMo. Further, the summons was purportedly served more than 30 days after its issuance.

11. On December 12, 2019, BW LLP requested and obtained a default judgment against Stoker in the Stoker Action for $2,736.81, including court costs, fees for service of process, interest, and attorney's fees. A true and accurate copy of the judgment is attached hereto as Exhibit 2.

12. Upon information and belief, after entry of the default judgment, BW LLP intended or attempted to collect the judgment and/or garnish Stoker's wages from her employer.

13. The December 12, 2019, judgment is void as a matter of law because the special process server that purportedly served Stoker with the summons and petition in the Stoker Action was not appointed by the Court to serve process and/or the summons was expired.

**Count I – Class and Individual Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692,** *et seq.*

14. Stoker incorporates the allegations of the previous paragraphs as if fully set forth herein.

15. Stoker is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because she is a natural person and is alleged by BW LLP to owe a debt.

16. This lawsuit concerns a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), because BW LLP alleged Stoker owed a sum of money arising out of a transaction that was primarily for personal, family, or household purposes.

17. BW LLP is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

18. Stoker seeks recovery individually, and on behalf of a class of similarly situated persons as defined below for all violations of the FDCPA as set forth in this Count.

19. Pursuant to Supreme Court Rule 52.08(b)(3), Stoker seeks to represent the following two classes of persons defined as follows:

**Class Definition Number 1:**

All persons that were served with expired summonses in a collection lawsuit brought by BW LLP and subsequently had a default judgment entered against them.

The foregoing class is limited to the following two groups:

(1) those persons who had such a default judgment entered against them after October 12, 2019, until the date of class certification; and
(2) those persons who had such a default judgment entered against them prior to October 12, 2019 and from whom BW LLP collected or attempted to collect the purported debt from following October 12, 2019 until the date of class certification.

Excluded from the class are persons who appeared personally in court or had counsel appear on their behalf.

**Class Definition Number 2:**

All persons that were served with process by a person not appointed by the court as a special process server in a collection lawsuit brought by BW LLP and subsequently had a default judgment entered against them.

The foregoing class is limited to the following two groups:

(1) those persons who had such a default judgment entered against them after October 12, 2019, until the date of class certification; and
(2) those persons who had such a default judgment entered against them prior to October 12, 2019 and from whom BW LLP collected or attempted to collect the purported debt from following October 12, 2019 until the date of class certification.

Excluded from the class are persons who appeared personally in court or had counsel appear on their behalf.

20. BW LLP's actions violate the FDCPA, 15 U.S.C. §1692e, because it used a false, deceptive, or misleading representation or means to collect or attempt to collect from Stoker and the putative class members through the use of void judgments.

21. BW LLP's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive practice to collect or attempting to collect debts by representing that valid judgments had been entered against Stoker and the putative class members.

4

22. BW LLP's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means to collect a debt by using expired summonses and void judgments as a basis to collect or attempt to collect from Stoker and the putative class members.

23. The judgments entered against Stoker and the putative class members are void as a matter of law and should be declared void by this Court.  This Court should direct and mandate BW LLP to set aside these judgments.

24. Upon information and belief, there are at least forty putative class members and joinder of all class members is impracticable.

25. Stoker's claims are typical of the claims of the putative class members.

26. Common questions of law and fact apply to the class. These questions may include, but are not limited to:

   a) Whether BW LLP is a "debt collector" as defined by the FDCPA;

   b) Whether BW LLP's conduct as described in this petition is governed by the FDCPA;

   c) Whether BW LLP improperly requested and received entry of default judgment in Missouri courts;

   d) Whether BW LLP used summonses for service of process in collections suits that were not valid because they were expired;

   e) Whether BW LLP used false, deceptive, or misleading means to collect or attempt to collect debts from the putative class members; and,

   f) Whether BW LLP used unfair or unconscionable means to collect or attempt to collect debts from the putative class members.

27. Stoker will fairly and adequately represent the putative class members.

28. Stoker has retained counsel experienced in the prosecution of class actions, and Stoker is committed to vigorously prosecuting the claims.

29. Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

30. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

31. Due to BW LLP's illegal conduct as described above, Stoker and the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1). Specifically, Stoker and the putative class members are entitled to all amounts paid to or collected by BW LLP after the dates the void judgments were entered, including interest on said amounts.

32. Stoker requests that the Court enter an order on behalf of herself and the putative class members declaring the judgments void as a matter of law and ordering BW LLP to set said judgments aside.

33. This Court is the proper Court to adjudicate this matter. The *Rooker-Feldman* doctrine prohibits a federal court from adjudicating this dispute because the relief Stoker seeks includes a court order declaring the aforementioned judgments void as a matter of law and directing BW LLP to set the judgments aside.

34. Due to BW LLP's illegal conduct as described above, Stoker is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(i).

35. Due to BW LLP's illegal conduct as described above, the putative class members are each entitled to statutory damages under the FDCPA, §1692k(a)(2)(B)(ii).

Electronically Filed - St Louis County - December 10, 2020 - 03:21 PM

36. Due to BW LLP's illegal conduct as described above, Stoker and the putative class members are entitled to costs and attorneys' fees under the FDCPA, §1692k(a)(3).

WHEREFORE, Plaintiff, Kyndall Stoker, individually and on behalf of all others similarly situated, requests that the Court enter an award against Defendant, Bessine Walterbach, LLP, in excess of $25,000.00 (Tweny-Five Thousand Dollars), and grant the following relief:

a) Enter an order pursuant to Supreme Court Rule 52.08(b)(3) certifying this action as a class action, and appoint Kyndall Stoker as class representative;

b) Enter an order appointing the undersigned/Onder Law LLC as class counsel;

c) Enter judgment in favor of Kyndall Stoker and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;

d) Enter an order or judgment declaring that the judgments entered against Kyndall Stoker and the class members are void as a matter of law and ordering BW LLP to set aside all such judgments;

e) Award Kyndall Stoker and the class all expenses incurred in the litigation and require BW LLP to pay the costs and expenses of class notice and administration; and,

f) Award Kyndall Stoker and the class all taxable court costs and any other relief that this Court deems just and proper.

**ONDERLAW, LLC**

By: */s/Matthew P. O'Grady*
Matthew P. O'Grady, #47543
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (facsimile)
ogrady@onderlaw.com
*Attorney for Plaintiff*



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division: | Case Number: | |
| --- | --- | --- |
| J RONALD CARRIER | 1931-AC08261 | OCT 30 2019 |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: | |
| GENESIS HEALTH CLUBS INC | SCOTT FRANCIS WALTERBACH | RECEIVED |
| | 3000 NE BROOKTREE LANE | Civil Office |
| | STE 100 | |
| vs. | KANSAS CITY, MO  64119 | FILED |
| Defendant/Respondent: | Date, Time and Location of Court Appearance: | |
| KYNDALL P STOKER | 12-DEC-2019, 08:30 AM | NOV 27 2019 |
| Nature of Suit: | DIVISION 26 - 2nd Floor | |
| AC Suit on Account | JUDICIAL COURTS FACILITY | CIRCUIT CLERK |
| | 1010 N BOONVILLE AVE | GREENE COUNTY |
| | SPRINGFIELD, MO 65802 | (Date File Stamp) |

## Associate Division Summons

**The State of Missouri to:** KYNDALL P STOKER
**Alias:**

8340 N FARM ROAD 161
SPRINGFIELD, MO  65803

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____10/21/19_____         _____/s/ Thomas R. Barr by csf_____
         Date                                   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____Corey Stoker (Father)_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____
Served at _____8340 N FR 161_____ (address) in
_____Greene_____ (County/City of St. Louis), MO, on _____11/26/19_____ (date) at _____1031_____ (time).
_____J. Arnow_____                  _____A. B.?_____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                              Date                     Notary Public

CHK# 34375

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $   10.00
Mileage          $_____ ( _____ miles @ $_____ per mile)
Total            $   35.00

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

FILED
20SL-CC05999
CIRCUIT CLERK
GREENE COUNTY

Electronically Filed - St Louis County - December 10, 2020 - 03:21 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
## SPRINGFIELD ASSOCIATE DIVISION

**GENESIS HEALTH CLUBS, INC.,**

                         Plaintiff,

v.

**KYNDALL P. STOKER,**

                         Defendant(s).

Case No. 1931-AC08261

Div. No.

### CIVIL JUDGMENT

NOW on this 12th day of December, 2019, the above-captioned comes before the Court. Plaintiff appears by Attorney for Bessine Walterbach, LLP.

☐ Defendant(s) KYNDALL P. STOKER appear(s) in person;

☐ Defendant(s) by Attorney;

☒ Though summoned and called, defendant(s) KYNDALL P. STOKER do(es) not appear and default;

☐ Defendant(s) consent(s) to judgment; agreed: _____.

Case is taken up and heard. **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff has JUDGMENT against Defendant(s) as follows:**

| | |
|---|---|
| Principal: | $1,370.44 |
| Interest: | $1,073.80 |
| Attorney fees: | $205.57 |
| Other fees/charges prayed: | $0.00 |
| All court costs assessed to Defendant(s); to date: | $52.00 |
| Service of process fee assessed to Defendant(s): | $35.00 |
| **Judgment Balance:** | **$2,736.81** |

Post-judgment interest shall accrue at 18.00 percent per annum until satisfaction.

☐ (checked if applicable) Stay of Execution is ordered as follows: Plaintiff shall stay execution pending monthly payments of $_____ commencing the ___ day of _____, 20__, and by that date each month thereafter until paid in full. In default thereof, let execution issue.

SO ADJUDGED AND DECREED.

                                                      _____
                                                      JUDGE

EXHIBIT 2



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC05999 |
|---|---|
| Plaintiff/Petitioner:<br>KYNDALL STOKER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW P O'GRADY<br>110 EAST LOCKWOOD<br>SAINT LOUIS, MO 63119 |
| Defendant/Respondent:<br> BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** BESSINE WALTERBACH, LLP
**Alias:**
C/O REG AGENT SCOTT WALTERBACH
3000 NE BROOKTREE LANE, STE. 1
KANSAS CITY, MO  64119



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**11-DEC-2020**
**Date**

_____
**Clerk**

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name)_____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)  Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                             Date                                                                 Notary Public

**Sheriff's Fees, if applicable**

| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-11042**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-11042**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo