IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KYNDALL P. STOKER,<br><br>      Plaintiff,<br><br>vs.<br><br>BESSINE WALTERBACH, LLP,<br><br>SERVE:  Reg. Agent: Scott Walterbach<br>             3000 NE Brooktree Lane, Ste 100<br>             Kansas City, MO 64119<br><br>      Defendant. | )<br>)<br>)<br>)  Case No.:<br>)<br>)  Division:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR CLASS ACTION**

COMES NOW Plaintiff, Kyndall Stoker, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant, Bessine Walterbach, LLP, states and shows the Court as follows:

1. At all relevant times, Plaintiff, Kyndall Stoker ("Stoker"), is and was an individual and resident of the State of Missouri, residing in St. Louis County.

2. Defendant, Bessine Walterbach, LLP ("BW LLP"), is a registered Missouri limited liability partnership, and is in good standing to transact business in Missouri.

3. BW LLP describes itself on its website as a debt collector, focusing on collections and creditors' rights.

4. BW LLP regularly uses court process in an attempt to collect debts. For example, since 2015, BW LLP has filed hundreds of debt collection lawsuits in Missouri courts.

**EXHIBIT A**

**The Stoker Lawsuit**

5. BW LLP filed a lawsuit against Stoker on October 18, 2019, in the Associate Division of the Circuit Court of Greene County, Missouri. The case is styled *Genesis Health Clubs, Inc. v. Kyndall Stoker*, Case Number 1931-AC08261 ("the Stoker Action").

6. BW LLP alleged in the Stoker Action that Stoker owed a debt that originated with Genesis Health Clubs, Inc.

7. BW LLP generally alleged in the Stoker Action that the debt Stoker owed was for goods and services related to a health club membership provided by Genesis Health Clubs, Inc.

8. As part of the Stoker action, BW LLP requested and paid for a summons and petition to be served on Stoker by the Sheriff of Greene County. The requested summons was issued on October 21, 2019.

9. On November 27, 2019, BW LLP filed a return of service with the Court in the Stoker Action indicating that Stoker was served with the summons and petition. On good faith information and belief, the return of service was signed by someone other than Sheriff Arnott, who attested he or she served Stoker with the summons and petition on November 26, 2019. A true and accurate copy of the return of service is attached hereto as Exhibit 1.

10. The person who signed the return of service was not appointed by the Court to serve a summons and petition in the Stoker Action as required by section 506.140 RSMo. Further, the summons was purportedly served more than 30 days after its issuance.

11. On December 12, 2019, BW LLP requested and obtained a default judgment against Stoker in the Stoker Action for $2,736.81, including court costs, fees for service of process, interest, and attorney's fees. A true and accurate copy of the judgment is attached hereto as Exhibit 2.

12. Upon information and belief, after entry of the default judgment, BW LLP intended or attempted to collect the judgment and/or garnish Stoker's wages from her employer.

13. The December 12, 2019, judgment is void as a matter of law because the special process server that purportedly served Stoker with the summons and petition in the Stoker Action was not appointed by the Court to serve process and/or the summons was expired.

**Count I – Class and Individual Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.**

14. Stoker incorporates the allegations of the previous paragraphs as if fully set forth herein.

15. Stoker is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because she is a natural person and is alleged by BW LLP to owe a debt.

16. This lawsuit concerns a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), because BW LLP alleged Stoker owed a sum of money arising out of a transaction that was primarily for personal, family, or household purposes.

17. BW LLP is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

18. Stoker seeks recovery individually, and on behalf of a class of similarly situated persons as defined below for all violations of the FDCPA as set forth in this Count.

19. Pursuant to Supreme Court Rule 52.08(b)(3), Stoker seeks to represent the following two classes of persons defined as follows:

3

**Class Definition Number 1:**

All persons that were served with expired summonses in a collection lawsuit brought by BW LLP and subsequently had a default judgment entered against them.

The foregoing class is limited to the following two groups:

(1) those persons who had such a default judgment entered against them after October 12, 2019, until the date of class certification; and
(2) those persons who had such a default judgment entered against them prior to October 12, 2019 and from whom BW LLP collected or attempted to collect the purported debt from following October 12, 2019 until the date of class certification.

Excluded from the class are persons who appeared personally in court or had counsel appear on their behalf.

**Class Definition Number 2:**

All persons that were served with process by a person not appointed by the court as a special process server in a collection lawsuit brought by BW LLP and subsequently had a default judgment entered against them.

The foregoing class is limited to the following two groups:

(1) those persons who had such a default judgment entered against them after October 12, 2019, until the date of class certification; and
(2) those persons who had such a default judgment entered against them prior to October 12, 2019 and from whom BW LLP collected or attempted to collect the purported debt from following October 12, 2019 until the date of class certification.

Excluded from the class are persons who appeared personally in court or had counsel appear on their behalf.

20.     BW LLP's actions violate the FDCPA, 15 U.S.C. §1692e, because it used a false, deceptive, or misleading representation or means to collect or attempt to collect from Stoker and the putative class members through the use of void judgments.

21.     BW LLP's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive practice to collect or attempting to collect debts by representing that valid judgments had been entered against Stoker and the putative class members.

Electronically Filed - St Louis County - December 10, 2020 - 03:21 PM

22. BW LLP's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means to collect a debt by using expired summonses and void judgments as a basis to collect or attempt to collect from Stoker and the putative class members.

23. The judgments entered against Stoker and the putative class members are void as a matter of law and should be declared void by this Court. This Court should direct and mandate BW LLP to set aside these judgments.

24. Upon information and belief, there are at least forty putative class members and joinder of all class members is impracticable.

25. Stoker's claims are typical of the claims of the putative class members.

26. Common questions of law and fact apply to the class. These questions may include, but are not limited to:

  a) Whether BW LLP is a "debt collector" as defined by the FDCPA;

  b) Whether BW LLP's conduct as described in this petition is governed by the FDCPA;

  c) Whether BW LLP improperly requested and received entry of default judgment in Missouri courts;

  d) Whether BW LLP used summonses for service of process in collections suits that were not valid because they were expired;

  e) Whether BW LLP used false, deceptive, or misleading means to collect or attempt to collect debts from the putative class members; and,

  f) Whether BW LLP used unfair or unconscionable means to collect or attempt to collect debts from the putative class members.

27. Stoker will fairly and adequately represent the putative class members.

5

28. Stoker has retained counsel experienced in the prosecution of class actions, and Stoker is committed to vigorously prosecuting the claims.

29. Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

30. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

31. Due to BW LLP's illegal conduct as described above, Stoker and the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1). Specifically, Stoker and the putative class members are entitled to all amounts paid to or collected by BW LLP after the dates the void judgments were entered, including interest on said amounts.

32. Stoker requests that the Court enter an order on behalf of herself and the putative class members declaring the judgments void as a matter of law and ordering BW LLP to set said judgments aside.

33. This Court is the proper Court to adjudicate this matter. The *Rooker-Feldman* doctrine prohibits a federal court from adjudicating this dispute because the relief Stoker seeks includes a court order declaring the aforementioned judgments void as a matter of law and directing BW LLP to set the judgments aside.

34. Due to BW LLP's illegal conduct as described above, Stoker is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(i).

35. Due to BW LLP's illegal conduct as described above, the putative class members are each entitled to statutory damages under the FDCPA, §1692k(a)(2)(B)(ii).

6

36. Due to BW LLP's illegal conduct as described above, Stoker and the putative class members are entitled to costs and attorneys' fees under the FDCPA, §1692k(a)(3).

WHEREFORE, Plaintiff, Kyndall Stoker, individually and on behalf of all others similarly situated, requests that the Court enter an award against Defendant, Bessine Walterbach, LLP, in excess of $25,000.00 (Tweny-Five Thousand Dollars), and grant the following relief:

a) Enter an order pursuant to Supreme Court Rule 52.08(b)(3) certifying this action as a class action, and appoint Kyndall Stoker as class representative;

b) Enter an order appointing the undersigned/Onder Law LLC as class counsel;

c) Enter judgment in favor of Kyndall Stoker and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;

d) Enter an order or judgment declaring that the judgments entered against Kyndall Stoker and the class members are void as a matter of law and ordering BW LLP to set aside all such judgments;

e) Award Kyndall Stoker and the class all expenses incurred in the litigation and require BW LLP to pay the costs and expenses of class notice and administration; and,

f) Award Kyndall Stoker and the class all taxable court costs and any other relief that this Court deems just and proper.

> **ONDERLAW, LLC**
>
> By: */s/Matthew P. O'Grady*
>   Matthew P. O'Grady, #47543
>   110 E. Lockwood
>   St. Louis, MO 63119
>   (314) 963-9000
>   (314) 963-1700 (facsimile)
>   ogrady@onderlaw.com
>   *Attorney for Plaintiff*